UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> SAHAR KARROUM, a/k/a SAHAR : <br> MOHAMMAD JAMIL AL BOUHAIRY, as : <br> successor to STEVE H. KARROUM, a/k/a : <br> MUSTAPHA KARROUM, and : <br> : <br> FX & BEYOND CORPORATION, : <br> : <br> Defendants, : <br> and : <br> : <br> SAHAR KARROUM : <br> a/k/a Sahar Mohammad Jamil Al Bouhairy : <br> : <br> Relief Defendant. : | Civil No. 17-cv-187-AJT-IDD |

**Final Default Judgment and Settlement**

Before the Court is Plaintiff United States Securities and Exchange Commission's Consent Motion for Entry of Final Default Judgment and Settlement and supporting papers ("Motion"). Having reviewed the Commission's Motion and the Stipulation of the parties, which is incorporated as if fully restated herein, the Court has determined that the Motion should be granted and that entry of this Final Default Judgment and Settlement is timely and appropriate.

I.
**Injunction Against Further Violations of the Exchange Act Section 10(b) and Rule 10b-5**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that FX & Beyond is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Default Judgment by personal service or otherwise: (a) FX & Beyond's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with FX & Beyond or with anyone described in (a).

## II.
### Injunction Against Further Violations of the Securities Act Section 17(a)

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that FX & Beyond is permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the offer or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Default Judgment by personal service or otherwise: (a) FX & Beyond's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with FX & Beyond or with anyone described in (a).

### III.
### Injunction Against Further Violation of the Securities Act Section 5

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that FX & Beyond is permanently restrained and enjoined from violating Section 5(a) of the Securities Act [15 U.S.C. § 77c] by, directly or indirectly, in the absence of any applicable exemption:

(a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has

been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Default Judgment by personal service or otherwise: (a) FX & Beyond's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with FX & Beyond or with anyone described in (a).

## IV.
## Conduct-Based Injunction

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that FX & Beyond is permanently enjoined from directly or indirectly participating in the issuance, offer, or sale of any security, including but not limited to promissory notes and similar instruments, with the exception of the purchase or sale of securities listed on a national securities exchange.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Default Judgment by personal service or otherwise: (a) FX & Beyond's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with FX & Beyond or with anyone described in (a).

## V.
## Disgorgement and Prejudgment Interest

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that FX & Beyond is liable for disgorgement in the amount of $805,960.14, representing profits gained as a result of

the conduct alleged in the Complaint. Further, FX & Beyond is liable for prejudgment interest in the amount of $74,266.

## VI.
## Civil Monetary Penalty

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that FX & Beyond is liable for a civil penalty in the amount of $512,430.07.

## VII.
## Fair Fund

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Commission shall hold any funds it receives in satisfaction of this Final Default Judgment, whether disgorgement, prejudgment interest, or civil penalty, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall file a motion so advising the Court and seeking leave to send the funds paid pursuant to this Final Default Judgment to the United States Treasury.

## VIII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the $1,392,656.21 of insurance proceeds frozen pursuant to the Court's temporary restraining order dated June 4, 2018, by agreement, shall be transferred to the Commission.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Default Judgment, Prudential Insurance Company

("Prudential") shall transfer to the Commission $1,392,656.21 of proceeds from the life insurance policy insuring the life of Steve H. Karroum, policy number ending 8596.

Prudential may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.

Prudential also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court and specifying that payment is made pursuant to this Final Default Judgment.

The receipt of these proceeds by the Commission shall constitute a full satisfaction of the monetary relief awarded in this Final Default Judgment and Settlement.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all claims against Sahar Karroum, whether as a Relief Defendant or as substituted party/the successor to Steve H. Karroum, are dismissed with prejudice.

## X.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Default Judgment.

SO ORDERED.

DATE: Sept. 10, 2018

Anthony J. Trenga
United States District Judge
UNITED STATES DISTRICT JUDGE

SEEN AND AGREED.

/s/ _____
James T. Bacon, Esq. (VSB #22146)
Allred, Bacon, Hallhill & Young, PC
11350 Random Hills Road
Suite 700
Fairfax, VA 22030
703-352-1300
703-352-1301 (fax)
jbacon@abhvlaw.com
Counsel for Sahar Karroum

SEEN AND AGREED:

s/ Sarah Hall w/p MJH
Sarah Hall
VA Bar # 71084
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street N.E.
Washington, D.C. 20549
Tel: (202) 551-4784
Fax: (202) 772-9228

Email: halls@sec.gov